UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────
UNITED STATES OF AMERICA,

                Plaintiff,

    -against-

VICTOR FLORES,

                Defendant.
────────────────────────────────

**MEMORANDUM & ORDER**
**17-CR-00452 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Victor Flores pled guilty to Count Two, Hobbs Act robbery, 18 U.S.C. § 1951, and Count Four, possessing and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). (Min. Entry dated Apr. 11, 2018 (Dkt. 44)); *see also* Flores Indictment (Dkt. 14).) Defendant was sentenced to 96 months imprisonment and 5 years supervised release on September 18, 2018. (Judgment (Dkt. 57) at 2.) On July 1, 2022, Defendant moved to vacate or set aside his sentence under 28 U.S.C. § 2255. (Def's. Mot. to Vacate (Dkt. 74).) The court denied this motion on September 22, 2023. (Min. Entry dated Sept. 22, 2023.) The matter now before the court is Mr. Flores's motion to withdraw his guilty plea (Def's. Mot. to Withdraw (Dkt. 85)) filed October 11, 2023, which the Court construes as a second or successive motion to vacate his sentence under 28 U.S.C. § 2255.

For the reasons stated below, the court DENIES Defendant's motion for lack of jurisdiction.

Under Fed. R. Crim. P. 11(e), once a sentence has been imposed, the court may set aside a plea of guilty only as a consequence of a direct appeal or collateral attack. Thus, although styled as a motion to withdraw his guilty plea, the court construes Defendant's motion as a collateral attack under 28 U.S.C. § 2255 which is subject to the jurisdictional constraints on successive requests for habeas relief under 28 U.S.C. §§ 2244(b)(3) and 2255(h). *See*

1

*United States v. Archuleta*, No. 02-CR-1060 (LAP), 2018 WL 8646703, at *3 (S.D.N.Y. July 31, 2018) (construing defendant's motion as a second or successive collateral attack); *United States v. Mata-Soto*, No. 08-CR-20160 (KHV), 2018 WL 1877468, *2-3 (D. Kan. April 19, 2018) (finding defendant's motion to withdraw plea was barred as a successive collateral attack on defendant's underlying conviction).

As a successive collateral motion, this court may transfer a defendant's motion to the Second Circuit if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631. *Diaz v. Artus*, No. 12-CV-0075 (MAT), 2018 WL 3429276, at *4 (W.D.N.Y. July 16, 2018). However, dismissal rather than transfer may be appropriate where the defendant's claim is "entirely without merit." *Miranda v. United States*, No. 98-CV-1490 (ILG), 2013 WL 55689, at *2 (E.D.N.Y. Jan. 3, 2013); *see also Henry v. McDonald's Co.*, No. 23-CV-6140L (DGL), 2023 WL 3005858, at *1 (W.D.N.Y. Apr. 19, 2023) ("[T]here is no obligation to keep meritless claims alive through transfer to another court.") (quoting *Johnson v. Lappin*, 478 F. App'x 487, 492 (10th Cir. 2012)). Under § 2255(h), a successive collateral motion may be warranted where there is:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) where there is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The court finds Flores's claims entirely without merit and therefore declines to transfer Defendant's motion to the Second Circuit

for the determination of whether to authorize a successive § 2255 motion. Flores cites no newly discovered evidence, instead making a conclusory assertion that a withdrawal of his guilty plea is warranted "on the grounds of the Government not allowing me to appeal in any form of way which violates my Due Process." (Def's. Mot. to Withdraw at 1.) Nor does the Defendant present a new rule of constitutional law bearing on his case. Flores claims that the Government has in some way prevented him from appealing his conviction but does not allege any specific facts leading to such a conclusion. Accordingly, no reasonable factfinder, without more, would have found the Defendant guilty of the underlying offense pursuant to § 2255(h)(1). His argument does nothing to suggest exculpation of his underlying offense and should therefore be dismissed.

The Defendant has had ample opportunity to raise a concern regarding his right to appeal and failed to do so. He could have raised the issue at his plea hearing when the court asked if he understood that his plea agreement waived his right to appeal if he was sentenced to a term of imprisonment of 174 months or below. (*See* April 11, 2018 Plea Hearing Transcript (Dkt. 84) at 20:11-21:8.) He could have raised the issue in a direct appeal, which he did not file.[1] Flores also could have raised the issue in his habeas petition under § 2255. *See* Def's. Mot. to Vacate. Only now, after the court's denial of his § 2255 motion (Min. Entry dated Sept. 22, 2023), does Flores take issue with his ability to appeal. *See Minaya v. United States*, 41 F. Supp. 3d 343, 345 (S.D.N.Y. 2014) (dismissing § 2255 motion instead of transferring it to the Second Circuit in the interest of judicial economy).

---

[1] Mr. Flores is now time-barred from raising this issue on direct appeal. In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal. Fed. R. App. P. 4(b)(1)(A).

In sum, construing Defendant's motion liberally, his claim is meritless and does not warrant transfer. *Torres v. Carry*, 800 F. Supp. 2d 577, 582 (S.D.N.Y. 2011) (holding that when a party appears *pro se*, "courts must construe pro se pleadings broadly and interpret them to raise the strongest arguments that they suggest") (internal quotations omitted).

Accordingly, Defendant's Motion to Withdraw Guilty Plea, which the court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255, is DENIED for lack of jurisdiction. The court DIRECTS the Clerk of Clerk to provide Defendant Flores with a copy of this order at his last-known address of record.

SO ORDERED.

Dated:   Brooklyn, New York
         October 16, 2023

                                              s/Nicholas G. Garaufis
                                              NICHOLAS G. GARAUFIS
                                              United States District Judge